IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * | |
| V. | * | CASE NO. 4:20CR00322 SWW |
| | * * | |
| THOMAS THORNTON | * * | |

## ORDER

The indictment in this case charged Defendant Thomas Thornton with (1) being a felon in possession of a firearm, (2) possession of methamphetamine with intent to distribute, and (3) possession of a firearm in furtherance of a drug trafficking crime. The charges were tried on December 14 and 15, 2021, and the jury returned a guilty verdict on each count. At the close of the Government's evidence, defense counsel moved for (1) dismissal of the indictment, arguing that the prosecution failed to comply with *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963) and (2) a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court denied both motions from the bench. This order restates and supplements the Court's ruling denying Thornton's motion to dismiss pursuant to *Brady*.

The evidence at trial was as follows. On April 8, 2020, Little Rock police officer James Morris stopped Thornton's vehicle after he observed it cross the

center line of a roadway.[1]  After learning that Thornton had active arrest warrants, Morris called for backup, and officers Devon Colclough and Joshua Pettit arrived at the scene. Colclough detected a firearm in Thornton's waistband during a pat down search and yelled, "gun." Thornton attempted to flee but soon surrendered, and a search of his vehicle uncovered an assortment of drugs, including methamphetamine.

Morris testified that when he initiated the traffic stop, he engaged his siren and lights, which automatically activated a dash cam that recorded the entire stop. That footage, however, was not preserved for trial and was overwritten by subsequent traffic stops.

At the close of the Government's evidence, defense counsel moved to dismiss the indictment, asserting that the prosecution had committed an "obvious" *Brady* violation.  He argued that if the traffic stop video had it been available, it would have shown that Thornton did not cross the center line, which would have supported the suppression of evidence seized after the traffic stop.

In *Brady,* the Supreme Court held that the Due Process Clause requires the prosecution to disclose favorable evidence in its possession or control that is material to the guilt of a criminal defendant.  A *Brady* violation has three essential

---

[1] Mr. Morris explained that the "center line" of the roadway in this case was not marked with a painted line and referred only to the center of the road between opposite lanes of traffic.

elements: (1) the evidence at must be materially favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S. Ct. 1936, 1948, 144 L. Ed. 2d 286 (1999).

Here, Thornton's motion fails because footage of the traffic stop, even if it showed that he had not crossed the center line, would have no exculpatory value as to the crimes charged in the indictment.[2] Mr. Thornton's arguments would be properly raised in a *timely* motion to suppress evidence, see Fed. R. Crim. P. 12(3)(C) (listing motions for the suppression of evidence among those that must be raised by pretrial motion), but they fail to establish a *Brady* violation.

For the reasons stated from the bench and in this order, Defendant's oral motion to dismiss the indictment is DENIED.

IT IS SO ORDERED, this 26th day of January, 2022.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] The video, depending on its content, might have assisted Thornton's attempt to impeach Morris's testimony, but it would not have changed the outcome of the proceedings.